FILED
CLERK

3/11/2016 11:29 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, ANTHONY
PIROZZI, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST,
DENISE RICHARDSON, THOMAS F.
CORBETT, and ANTHONY D'AQUILA,
as Trustees and Fiduciaries of the Local Welfare
Trust Fund, the Local 282 Pension Trust Fund,
the Local 282 Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the Local 282
Vacation and Sick Leave Trust Fund,
      Plaintiffs,

    -against-

METROPOLITAN SEWER INC.,
      Defendant.
--------------------------------------------------------X

**ADOPTION ORDER**
11-cv-6363 (ADS)(ARL)

**APPEARANCES:**

**Cohen, Weiss & Simon, LLP**
*Attorneys for the Plaintiff*
330 W. 42nd Street, 25th Floor
New York, NY 10036
  By: David Ronald Hock, Esq.
    Michael Seth Adler, Esq.
    Noelia E. Hurtado, Esq.

**SPATT, District Judge**.

   On December 30, 2012, the Plaintiffs Thomas Gesualdi, Louis Bisignano, Dominick

Marrocco, Anthony Pirozzi, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise

Richardson, Thomas F. Corbett and Anthony D'Aquila, as Trustees and Fiduciaries of the Local

282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund,

the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund

(collectively, the "Plaintiffs") commenced this action against defendant Metropolitan Sewer Inc.

(the "Defendant") for violations of the Employee Retirement Income Security Act of 1974, 29

U.S.C. § 1145 and § 1132(a), et seq. and the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

On March 19, 2012, the Clerk of the Court noted the default of the Defendant.

After settlement negotiations failed, the Plaintiffs moved for default judgment on May 15, 2015. On May 16, 2015, the Court referred the Plaintiffs' motion to United States Magistrate Judge Arlene R. Lindsay for a report recommending whether a default judgment should be granted and the amount of damages, if any, that should be awarded.

On February 19, 2016, Judge Lindsay issued a report (the "R&R") recommending that that the Plaintiffs' motion for a default judgment be granted, and the Plaintiffs be awarded (1) $171,231.26 in delinquent contributions, representing $51,816.77 in audited contribution deficiencies plus $119,414.49 in contributions due for weeks ending January 7, 2015 through June 24, 2015; (2) interest on the total amount of unpaid contributions in the amount of $95,744.88, plus additional daily interest in the amount of $84.43 accruing from August 1, 2015 through the date judgment is entered; (3) $189,984.89 in liquidated damages on the unpaid and late-paid contributions; (4) attorneys' fees and costs in the amount of $29,301.52; and (5) audit fees in the amount of $5,534.46. In addition, Judge Lindsay recommended that the Defendant "be directed to provide all outstanding remittance reports due Plaintiffs pursuant to the applicable terms of the CBAs and Trust Agreements."

On February 19, 2016, the same day, the Plaintiffs filed a certificate of service. More than fourteen days have elapsed since service of the R&R on the Defendant, who has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 19, 2016 R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the February 19, 2016 R&R is adopted in its entirety. The Clerk of the Court is directed to enter judgment for the Plaintiffs and to close this case

**SO ORDERED.**
Dated: Central Islip, New York
March 11, 2016


_/s/ Arthur D. Spatt___
ARTHUR D. SPATT
United States District Judge